1   SEAN P. FLYNN  (SBN:  220184)
    sflynn@grsm.com
2   GORDON REES SCULLY MANSUKHANI, LLP
    5 Park Plaza, Suite 1100
3   Irvine, CA 92614
    Telephone:  (702) 577-9317
4   Facsimile:  (949) 474-2060

5   Attorneys for Defendants
    LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, LP
6

7

8             **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  GRADY SHAUGHNESSY, *individually and*    CASE NO. **'20 CV 1809 BEN WVG**
    *on behalf of all others similarly situated*,  (San Diego Superior Court Case
12                                           No. 37-2020-00028067-CU-MC-
                           Plaintiff,        CTL)
13
           vs.                              **NOTICE OF REMOVAL**
14                                          **UNDER 28 U.S.C. § 1441 (A)**
    LVNV FUNDING, LLC; RESURGENT            **(FEDERAL QUESTION)**
15  CAPITAL SERVICES, LP; and DOES 1
    through 5,                              [Filed concurrently with Notice of
16                                          Lodgment of State Court
                           Defendants.      Pleadings and Civil Case Cover
17                                          Sheet]

18
                                            Complaint Filed:  8/11/2020
19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-1-
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants LVNV Funding, LLC and Resurgent Capital Services, LP (hereinafter referred to as "Defendants") respectfully submit this Notice of Removal in this civil action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446, based on CAFA and Diversity Jurisdiction.

In support of this Notice of Removal, Defendants, through its counsel, state as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff Grady Shaughnessy (hereinafter referred to as "Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of San Diego on August 11, 2020, styled *Grady Shaughnessy v. LVNV Funding, LLC; Resurgent Capital Services, LP; and DOES 1 through5,* Case No. 37-2020-00028067-CU-MC-CTL (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the California Consumer Credit Reporting Agencies Act, California *Civil Code*, § 1785.25(a). *See* Complaint, ¶ 1.

3. The Complaint was served on Defendants on August 14, 2020.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

4. Under 28 U.S.C. §§ 1332(d) & 1441(b), any civil action brought in a state court wherein the plaintiff and defendants are domiciled in different states , may be removed by the Defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5. Plaintiff alleges in paragraph 10 of the complaint that he is residing in San Diego, California.

6. Plaintiff alleges in paragraph 13 of the complaint that LVNV is domiciled in Carson City, Nevada.

-2-

7.    Plaintiff alleges in paragraph 16 of the complaint that Resurgent is domiciled in Charleston, South Carolina.

8.    Plaintiff alleges in paragraph 62 of the complaint that each class member is entitled to $5000 in statutory damages.

9.    Plaintiff alleges in paragraph 48 of the complaint there are thousands of potential class members.

10.    Applying the thousands of potential class members to the statutory damages pled, Defendants easily satisfy the Amount in Controversy requirement pursuant to 28 U.S.C. § 1332(d)(2).

**TIMELINESS OF REMOVAL**

11.    As noted above, the Complaint was served on Defendants on August 14, 2020.

12.    Defendants' Notice of Removal is timely because Defendants filed this Notice "within thirty days after receipt by the Defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

**VENUE**

13.    Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Diego, which is located within the United States District Court for the Southern District of California.

**COMPLIANCE WITH REMOVAL PROCEDURES**

14.    Defendants have complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

15.    As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1    16.    Pursuant to § 1446(d), a copy of this Notice of Removal, including

2  exhibits, is being served on Plaintiff.

3    17.    Pursuant to § 1446(d), a copy of this Notice of Removal, including

4  exhibits, will be filed with the Superior Court of the State of California for the

5  County of San Diego, in Case No. 37-2020-00028067-CU-MC-CTL.

6    18.    Copies of all process, pleadings and orders served on Defendants are

7  attached hereto.  *See* Notice of Lodgment of State Court Pleadings, filed

8  concurrently herewith.

9    **WHEREFORE**, for the foregoing reasons, Defendants remove this action

10  from the Superior Court of the State of California for the County of San Diego to

11  the United States District Court for the Southern District of California and

12  respectfully requests that this Court exercise jurisdiction over this action.

13

14  Dated:  September 14, 2020          GORDON REES SCULLY
                                        MANSUKHANI, LLP
15

16                                      By:    *s/Sean P. Flynn*
17                                             Sean P. Flynn  (SBN:  220184)
18                                             Attorneys for Defendants
                                               LVNV Funding, LLC; Resurgent
19                                             Capital Services, LP

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)

EXHIBIT A



CSC

## Notice of Service of Process

HZC / ALL
Transmittal Number: 21891500
Date Processed: 08/14/2020

| | |
|---|---|
| **Primary Contact:** | Jennifer Cooper<br>Resurgent Capital Services, LP<br>55 Beattie Pl<br>Ste 110 MS 425<br>Greenville, SC 29601-5115 |
| **Electronic copy provided to:** | Blake Nixon<br>Wanda Boston<br>Anthony Brannon<br>Len Stemann<br>Deanna Black<br>Debra Ciapi |

| | |
|---|---|
| **Entity:** | LVNV Funding LLC<br>Entity ID Number  3235070 |
| **Entity Served:** | LVNV Funding, LLC; Resurgent Capital Services, LP |
| **Title of Action:** | Grady Shaughnessy vs. LVNV Funding, LLC |
| **Matter Name/ID:** | Grady Shaughnessy vs. LVNV Funding, LLC (10440614) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2020-00028067-CU-MC-CTL |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 08/14/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Scott M. Grace<br>619-346-4612 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

552973 B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP;
and DOES 1 through 5,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GRADY SHAUGHNESSY, individually and on behalf of all others
similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/11/2020** at 09:07:56 AM

Clerk of the Superior Court
By Linda Sheffa,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2020-00028067-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jared M. Hartman, Esq.; 41707 Winchester Road, Suite 201, Temecula, CA 92590; 951-293-4187

| DATE: 08/11/2020 | Clerk, by | R. Sheffa | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | L. Sheffa | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Grady Shaughnessy | |
| DEFENDANT(S): LVNV Funding LLC et.al. | |
| SHORT TITLE: SHAUGHNESSY VS LVNV FUNDING LLC [E-FILE] | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2020-00028067-CU-MC-CTL |
|---|---|

Judge: Gregory W Pollack                                    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____         _____
Name of Plaintiff                        Name of Defendant

_____         _____
Signature                                Signature

_____         _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____         _____
Signature                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/11/2020

_____
JUDGE OF THE SUPERIOR COURT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Jared M. Hartman (SBN 254860)<br>41707 Winchester Road, Suite 201<br>Temecula, CA 92590 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 951-293-4187     FAX NO.: 888-819-8230<br>ATTORNEY FOR *(Name)*: Plaintiff, GRADY SHAUGHNESSY | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>08/11/2020 at 09:07:56 AM<br><br>Clerk of the Superior Court<br>By Linda Sheffa, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL HALL OF JUSTICE

CASE NAME:
SHAUGHNESSY v. LVNV FUNDING, LLC; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**      ☐ **Limited**<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2020-00028067-CU-MC-CTL |
| | | JUDGE:  Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☑ Substantial amount of documentary evidence
   - d. ☑ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*  1
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/11/2020

Jared M. Hartman, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Jared M. Hartman*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00028067-CU-MC-CTL      CASE TITLE: Shaughnessy vs LVNV Funding LLC [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Scott M. Grace S.B.N. 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@gracelawapc.com
Phone: (619) 346-4612
Fax:  (619) 501-8106

SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187
Fax: (888) 819-8230

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Consumer Attorney Advocates, Inc.
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiff, GRADY SHAUGHNESSY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/11/2020 at 09:07:56 AM

Clerk of the Superior Court
By Linda Sheffa, Deputy Clerk

# IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| GRADY SHAUGHNESSY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP; and DOES 1 through 5, <br><br> Defendants. | Case No.:  37-2020-00028067-CU-MC-CTL <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> 1. **CALIF. CONSUMER CREDIT REPORTING AGENCIES ACT** |

**Complaint for Damages and Injunctive Relief**

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE
CALIFORNIA SUPERIOR COURT JUDGE:

Plaintiff GRADY SHAUGHNESSY, individually and on behalf of all others
similarly situated (hereinafter collectively referred to as "Plaintiff"), hereby files this
Complaint against Defendants LVNV FUNDING, LLC (hereinafter "LVNV") and
RESURGENT CAPITAL SERVICES LP (hereinafter "RESURGENT") (collectively
"DEFENDANTS") and alleges as follows:

## INTRODUCTION

1.      The Legislature has determined that accurate credit reporting is vital to the
proper functioning of today's consumer-driven economy, and has determined that it is
essential for businesses who utilize the credit reporting industry in their business
models to implement policies and procedures to ensure credit reporting is done
accurately

2.      Credit reporting has become a vital and essential tool in our everyday lives,
as creditors, potential creditors, landlords, lessors, and employers all use credit
reporting as a basis for screening applicants and consumers to determine whether to
enter into business relations with the applicant.

3.      Plaintiff brings this action for penalties and other legal and equitable
remedies, resulting from the illegal actions of DEFENDANTS in updating credit reports
with the false information that the accounts maintain an outstanding balance and are
still "in collections" after the accounts are actually closed with a $0.00 balance owed. In
so doing, DEFENDANTS have violated the California Consumer Credit Reporting
Agencies Act (hereinafter "Calif. CCRAA"), codified at Calif. Civ. Code § 1785.25(a).

4.      Plaintiff is unaware of the true names or capacities, whether individual,
corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5,
and therefore, sues the Defendants by such fictitious names.

## JURISDICTION & VENUE

5.      This class action is brought pursuant to California Code of Civil Procedure

§ 382. The monetary damages and injunctive relief sought by Plaintiffs in the class action exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

6.    This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action are brought do not give jurisdiction to any other court.

7.    This Court has jurisdiction over Defendants because Defendants have availed themselves of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice, and because the actions taken by Defendant that have violated Calif. Civ. Code § 1785.25(a) have occurred within this district.

8.    The unlawful acts alleged herein have had a direct effect on Plaintiffs, and the similarly situated class members throughout the State of California.

9.    The California Superior Court also has jurisdiction in this matter because the issues herein are based on California statutes and law, and there is no diversity between Plaintiffs or Defendant.

## THE PARTIES

10.    Plaintiff is a natural individual residing in San Diego.

11.    As this matter pertains to Plaintiff's credit reports and that Plaintiff is a natural person, Plaintiff is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b).

12.    This matter pertains to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c), in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit

**Complaint for Damages and Injunctive Relief**

1  to be used primarily for personal, family, or household purposes, and employment

2  purposes.

3      13.    LVNV is a Nevada limited liability company with a mailing address of 112

4  North Curry Street, Carson City, NV whose principal purpose is the purchase and

5  collection of consumer debts.

6      14.    LVNV attempts to collect the purchased debts by filing suits. It is the

7  plaintiff in more than 500 collection lawsuits, filed in California courts, that were

8  pending in the year before this complaint was filed.

9      15.    LVNV is a "person" as defined by Calif. Civ. Code § 1785.3(j).

10      16.    RESURGENT is a limited partnership entity organized under Delaware

11  law, with offices at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401.

12      17.    RESURGENT is a "person" as defined by Calif. Civ. Code § 1785.3(j).

13      18.    All actions taken in the name of LVNV are in fact taken by RESURGENT,

14  under an agreement and power of attorney that LVNV executed in RESURGENT'S

15  favor. [See *Mitchel v LVNV Funding et al.*, 2:12-cv-00523-TLS, Doc. 176 (ND Ind.

16  December 15, 2017) (Opinion and Order).]

17      19.    On information and belief, LVNV and RESURGENT are under common

18  ownership and management; both are part of the Sherman Financial Group.

19      20.    On information and belief, RESURGENT directed the acts complained of,

20  even though those acts were done in the name of LVNV.

21      21.    On information and belief, LVNV acted as the agent at the direction of,

22  and in association with, and on behalf of, RESURGENT.

23      22.    The true names and capacities, whether individual, corporate, or otherwise

24  of Defendants named herein as DOES 1 through 5 are unknown to Plaintiff who

25  therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to

26  amend this Complaint to allege their true names and capacities when the same have

27  been ascertained. Plaintiff is informed and believes that each of the fictitiously named

28  Defendants and/or their agents and employees are responsible for the violative conduct

**Complaint for Damages and Injunctive Relief**

1   alleged in this Complaint, and proximately caused Plaintiff's damages.

2   **FACTUAL ALLEGATIONS**

3   23.    Upon information and belief, DEFENDANTS' primary business model is

4   to purchase from other entities consumer debts that are alleged to still be owed and are

5   alleged to be in default, and then file lawsuits against the consumers in state court

6   collections lawsuits *en masse*.

7   24.    Upon information and belief, DEFENDANTS file hundreds (if not

8   thousands) of consumer debt collection lawsuits in state court actions throughout the

9   State of California each year.

10   25.    DEFENDANTS file these lawsuits in its own name as the party to whom

11   the debt is now alleged to be owed, as DEFENDANTS purchase the debts outright

12   which includes purchasing all rights and liabilities upon the purchased accounts.

13   26.    In September of 2019, Plaintiff and DEFENDANTS entered into a written

14   agreement that required Plaintiff to pay a total settlement amount of $1,250.00 in a one-

15   time payment upon a debt that DEFENDANTS maintained as Account No. 4179531.

16   27.    In exchange for Plaintiff paying the agreed-upon amount in full, the

17   agreement required DEFENDANTS to waive and release Plaintiff from any further

18   amounts that DEFENDANTS alleged was owed upon the account and to discharge

19   Plaintiff from any further claim that DEFENDANTS may have had that Plaintiff owed

20   any further monies upon the account.

21   28.    On or about October 31, 2019, Plaintiff paid the full amount agreed upon.

22   29.    By email dated May 4, 2020, counsel for DEFENDANTS informed

23   Plaintiff's attorney of record in writing that Plaintiff had paid the agreed-upon amount

24   in full.

25   30.    Therefore, as of the date that the monies had been paid by Plaintiff on

26   October 31, 2019, Plaintiff had been discharged of any obligation to owe any further

27   sums of money to DEFENDANTS upon the account, and Plaintiff therefore owed $0.00

28   to DEFENDANTS as of that date.

31.     However, on or about June 29, 2020, Plaintiff discovered that DEFENDANTS had updated its reporting of the account on April 1, 2020 with the false information that the account is still "in collections" and has a balance of $1,214.00 owed.

32.     However, it is factually false for DEFENDANTS to claim at any point after the payment was made on or about October 31, 2019 that the account is still "in collections" and has an outstanding balance owed.

33.     Instead, DEFENDANTS should have updated the reporting to show that the account is closed with a $0.00 balance owed.

34.     By submitting updates in April of 2020 that the account is still "in collections" with an outstanding and unpaid balance, DEFENDANTS have furnished false and inaccurate information to the consumer credit reporting agencies that DEFENDANTS know and have reason to know is false and inaccurate.

35.     Upon information and belief,  DEFENDANTS have undertaken similar conduct against numerous individuals residing within the State of California, and has submitted updates to the consumer credit reporting agencies that the consumers' accounts are still "in collections" with an unpaid balance alleged to be owed, and such updating occurred after the accounts were actually closed with a $0.00 balance owed.

36.     Therefore, DEFENDANTS have knowingly and willfully furnished inaccurate credit reporting information that DEFENDANTS knew or should have known was inaccurate with respect to all such consumers residing within the State of California with whom it has settled a debt collection account within the previous seven (7) years.

37.     Upon information and belief, DEFENDANTS have agreed to understand, utilize, and follow the policies and procedures implemented by the "big three" credit reporting agencies—Experian, Equifax, and Trans Union—known as Metro 2.

38.     Upon information and belief, Metro 2 instructs creditors and debt collectors, such as DEFENDANTS, to update financial accounts when the accounts are

6

**Complaint for Damages and Injunctive Relief**

1  no longer owed (whether by way of payment or release) so that the credit reporting can

2  reflect the current balance of the accounts.

3    39.    Further, upon information and belief, Metro 2 instructs creditors and debt

4  collectors, such as DEFENDANTS, to update financial accounts to explain the status of

5  the account, such as whether the account is closed, has been paid in full, has been paid

6  for less than full value, has been settled, is in collection, or is charged off.  If an account

7  has been zeroed out, then the "in collections" remark is to be removed and the account

8  is to be reported as "closed".

9    40.    DEFENDANTS' violations of the above are willful, because

10  DEFENDANTS knowingly and deliberately ignored its own obligations with respect to

11  Plaintiff, and to each consumer with whom DEFENDANTS settled a debt collection

12  account but continued to update the account as being in collections with a negative

13  balance alleged to be owed.

14    41.    Upon information and belief, DEFENDANTS acted with reckless

15  disregard because it acted with such a high degree of risk of committing a legal

16  violation that was higher than mere carelessness, because DEFENDANTS agreed to

17  waive/release any claim against Plaintiff (and each member of the Class) that they owe

18  any further monies to DEFENDANTS upon the accounts at issue.

19    42.    Any third party who reviews the reporting (such as a creditor, potential

20  creditor, potential employer, and potential landlord/lessor) will now have the false

21  impression that Plaintiff (and each member of the Class) still owes a sum upon the

22  accounts and is still subject to debt collection efforts, whereas, if DEFENDANTS were

23  to update the reporting to accurately reflect that the account has been closed with a

24  $0.00 balance owed, then potential creditors will have a more accurate reflection of

25  Plaintiff's (and each member of the Class') creditworthiness and credit standing.

26    43.    As such, Plaintiff and each member of the Class now suffer from being

27  presented in a false light in the eyes of the credit industry, which necessarily depends

28  upon accurate credit reporting in order to operate effectively and efficiently. Plaintiff

**Complaint for Damages and Injunctive Relief**

1  brings Count I on behalf of himself as an individual and also on behalf of all others

2  similarly situated pursuant to Code of Civil Procedure § 382. The members of the Class

3  are defined as follows:

> All residents of the State of California who, within the previous seven (7)
> years from the date of filing the instant Complaint, have suffered
> inaccurate reporting by DEFENDANTS whereby DEFENDANTS
> updated the account to show it as "in collections" with a negative balance
> alleged to be owed, and such updating occurred on any date after the
> account was closed with a $0.00 balance owed.

9  44.  Plaintiff reserves the right under California Rule of Court 3.765(b) and

10  other applicable law to amend or modify the class definition with respect to issues.

11  45.  The term "Class" includes Plaintiff and all members of the Class.

12  46.  Plaintiff seeks class-wide recovery based on the class allegations only as

13  set forth in this Complaint.

14  47.  There is a well-defined community of interest in the litigation and the

15  proposed Class is easily ascertainable through the records Defendants are required to

16  keep.

17  **CLASS ACTION ALLEGATIONS**

18  48.  Numerosity. The members of the Class are so numerous that individual

19  joinder of all of them as plaintiffs is impracticable. While the exact number of the Class

20  members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and

21  thereon alleges, that there are potentially hundreds, if not thousands of potential class

22  members. Upon information and belief, DEFENDANTS purchase and own hundreds (if

23  not thousands) of accounts alleged to be owed by California residents, and files at least

24  hundreds of debt collection lawsuits each year in the state of California. As such,

25  DEFENDANTS are in possession of documents that Plaintiff anticipates will show the

26  true number of Class members, which necessitates discovery to reach such a

27  determination.

28  49.  Commonality. Common questions of law and fact exist as to all Class

8

**Complaint for Damages and Injunctive Relief**

1 members and predominate over any questions that affect only individual members of

2 the Class. These common questions include, but are not limited to:

    a. Whether DEFENDANTS are each a "person" within the definition of

       Calif. Civ. Code § Calif. Civ. Code § 1785.3(j);

    b. Whether Plaintiff and members of the class no longer owed any amounts

       on the accounts when DEFENDANTS furnished updates to the consumer

       credit reporting agencies that the accounts were still "in collections" with

       an alleged unpaid balance owed;

    c. Whether DEFENDANTS knew or should have known that the updated

       information was inaccurate or incomplete within the meaning of Calif. Civ.

       Code § 1785.25(a) when it updated the accounts as "in collections" with an

       alleged outstanding balance at a time when the accounts were closed with a

       $0.00 balance owed;

    d. Whether Plaintiff and the class members are entitled to damages and the

       extent of damages and or penalties;

    e. Whether DEFENDANTS' violations were willful within the contemplation

       of Calif. Civ. Code § 1785.31;

    f. Whether Plaintiff and members of the Class are entitled to statutory

       punitive damages, and to what extent, pursuant to Calif. Civ. Code §

       1785.31;

    g. Whether DEFENDANTS should be enjoined from engaging in such

       conduct in the future;

    h. Whether DEFENDANTS should be ordered to update the settled accounts

       to reflect that the accounts are closed and have a balance of $0.00.

    50. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other members

of the Class. On information and belief, Plaintiff, like other Class members, suffered

inaccurate credit reporting by DEFENDANTS updating the account with the consumer

credit reporting agencies by falsely claiming that a balance is still owed upon the

1   account and that the account is still in collections, after the account was closed with a

2   $0.00 balance owed.

3       51.   <u>Adequacy</u>.  Plaintiff will adequately and fairly protect the interests of the

4   members of the Class. Plaintiff has no interests adverse to the interests of absent Class

5   members.  Plaintiff is represented by attorneys who have class action experience in

6   consumer protection matters.

7       52.   <u>Superiority</u>.  A class action is superior to other available means for the fair

8   and efficient adjudication of the claims of the Class and would be beneficial for the

9   parties and the court. Class action treatment will allow a large number of similarly

10  situated persons to prosecute their common claims in a single forum, simultaneously,

11  efficiently, and without the unnecessary duplication of effort and expense that

12  numerous individual actions would require.  The damages suffered by each Class

13  member are relatively small in the sense pertinent to class action analysis, and the

14  expense and burden of individual litigation would make it extremely difficult or

15  impossible for the individual Class members to seek and obtain individual relief.  A

16  class action will serve an important public interest by permitting such individuals to

17  effectively pursue injunctive remedies and recovery of the sums owed to them.  Further,

18  class litigation prevents the potential for inconsistent or contradictory judgments raised

19  by individual litigation.

20                          **FIRST CAUSE OF ACTION**
                            **VIOALTIONS OF CALIF. CCRAA**
21                          **Calif. Civ. Code §1785.25(a)**

22

23      53.   Plaintiff repeats, re-alleges, and incorporates by reference all other

24  paragraphs, as if fully set forth herein.

25      54.   As the furnisher of information to credit reporting agencies,

26  DEFENDANTS are and always were obligated to not furnish information on a specific

27  transaction or experience to any consumer credit reporting agency if they knew or

28  should have known the information was incomplete or inaccurate, as required by Calif.

1  Civ. Code § 1785.25(a) of the California CCRAA.

2      55.   Even if the derogatory reporting is technically accurate, it is still a violation

3  of this law if the derogatory reporting is misleading in such a way and to such an extent

4  that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry,*

5  *Inc.* (1995) 39 Cal. App. 4th 548.

6      56.   DEFENDANTS committed willful violations of its obligations under

7  Section 1785.25(a) of the Calif. CCRAA multiple times by updating the reporting of the

8  account to inaccurately claim that the account is "in collections" with a balance owed.

9      57.   Such false and inaccurate reporting has caused Plaintiff actual damages as

10  explained in the statement of facts above.

11      58.   A credit reporting violation is "willful" if it involves the commission not

12  only of "acts known to violate the [FCRA]," but also "reckless disregard of statutory

13  duty." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56-57 (2007).

14      59.   The Ninth Circuit in *Syed v. M-I, LLC* 2017 U.S. App. LEXIS 1029, FN 6

15  recently stated, with respect to credit reporting violations, "[W]here a party's action

16  violates an unambiguous statutory requirement, that fact alone may be sufficient to

17  conclude that violation is reckless, and therefore willful. ... [R]ecklessness may be

18  determined by objective evidence alone."

19      60.   Plaintiff is informed and believes that DEFENDANTS' violations were

20  willful in that DEFENDANTS acted with such a high degree of risk of committing a

21  legal violation that was higher than mere carelessness, because DEFENDANTS

22  knowingly agreed to waive/release any claim against Plaintiff that he owes any further

23  obligations to DEFENDANTS upon the account.

24      61.   Plaintiff brings Count I on behalf of himself as an individual and also on

25  behalf of all others similarly situated, and to only pursue Class relief for willful

26  violations as opposed to negligent violations.

27      62.   Pursuant to Calif. Civ. Code § 1785.31, Plaintiff and each member of the

28  Class is entitled to $100.00 to $5,000.00 statutory punitive damages for each willful

**Complaint for Damages and Injunctive Relief**

violation; actual damages; and attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, individually and on behalf of all others similarly situated, that judgment be entered against DEFENDANTS individually, and Plaintiff and the Class members be awarded damages as follows:

1.    For certification of this action as a class action;

2.    For appointment of Plaintiff as the representative of the Class;

3.    For appointment of counsel for Plaintiff as Class counsel;

4.    For actual damages, subject to proof at trial;

5.    For general and special damages, subject to proof at trial;

6.    For statutory punitive damages of $5,000.00 for each Class member, for each willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

7.    Injunctive relief to order Defendant to not engage in any such violations in the future, pursuant to Calif. Civ. Code § 1785.31(b);

8.    Injunctive relief to order Defendant to remove false information from all consumer credit reports for each member of the Class, pursuant to Calif. Civ. Code § 1785.31(b);

9.    Any reasonable attorney's fees and costs to maintain the instant action;

10.    For such other relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: August 11, 2020

*Jared M. Hartman*
_____
JARED M. HARTMAN, ESQ.
Attorneys for Plaintiff

12
**Complaint for Damages and Injunctive Relief**

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| --- | --- |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S):    Grady Shaughnessy |
| --- |
| DEFENDANT(S) / RESPONDENT(S):  LVNV Funding LLC et.al. |
| SHAUGHNESSY VS LVNV FUNDING LLC [E-FILE] |

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2020-00028067-CU-MC-CTL |
| --- | --- |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Gregory W Pollack                                      Department: C-71

**COMPLAINT/PETITION FILED:** 08/11/2020

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 03/05/2021 | 01:30 pm | C-71 | Gregory W Pollack |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify and declare that I am over the age of 18 years; I am an employee of Gordon & Rees LLP, and my business address is 5 Park Plaza, Suite 1100, Irvine, CA 92614. On **September 14, 2020,** I served a true and correct of the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION),** to the individuals listed below as follows:

**Attorneys for Plaintiffs**:
Scott M. Grace, Esq.
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
(619) 346-4612
sgrace@gracelawapc.com

Babak Semnar, Esq.
Jared Hartman, Esq.
Semnar & Hartman, LLP
41707 Winchester Road, Suite 201
Temecula, CA 92590
(951) 293-4187
bob@sandiegoconsumerattorneys.com
jared@sandiegoconsumerattorneys.com

Patric A. Lester, Esq.
Consumer Attorney Advocates, Inc.
5694 Mission Center Road, #358
San Diego, CA 92108
(619) 665-3888
pl@lesterlaw.com

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email:

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, and at whose direction the service stated above was made in the ordinary course of business. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2020, at Chino Hills, California.

Leslie M. Handy

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1114080/31052804v.1

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)