UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY SHAUGHNESSY, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP; and DOES 1 through 5,<br><br>                                  Defendants. | Case No.: 20-CV-1809-DMS-WVG<br><br>**ORDER ON UNOPPOSED EX PARTE APPLICATION TO RESCHEDULE THE EARLY NEUTRAL EVALUATION CONFERENCE** |

Pending before this Court is LVNV Funding, LLC and Resurgent Capital Services, L.P. ("Defendants") Unopposed Ex Parte Application to Reschedule the Early Neutral Evaluation Conference ("Ex Parte Application"). (Doc. No. 12.) Defendants filed the Ex Parte Application on October 28, 2020. (*Id.*) Grady Shaughnessy ("Plaintiff") did not file a Response in Opposition or a Notice of Non-Opposition. The Ex Parte Application represents Plaintiff does not oppose its request to continue the November 9, 2020 Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") in this matter. (*Id.*, 3:1-3.) The Court treats Plaintiff's non-response in this matter as a waiver to oppose the Ex Parte Application.

In relevant part, Defendants move the Court to continue the ENE and CMC due to scheduling conflicts arising from defense counsel's pre-planned vacation and Defendants' representative's personal plans. Rule 16(b) of the Federal Rules of Civil Procedure ("Rule 16(b)") require litigants to show good cause in moving the court to modify an operative scheduling order. Fed. R. Civ. P. 16(b). The good cause standard is informed by litigants' diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Defendants' Ex Parte Application does not address Defendants' diligence in seeking to satisfy the existing dates set forth in the relevant September 28, 2020 Order (Doc. No. 9) ("ENE Order"). Thus, Defendants fail to set forth good cause supporting their request to continue the ENE and CMC. Nevertheless, the Court GRANTS IN PART AND DENIES IN PART Defendants' Ex Parte Application, given Defendants' representative's inability to participate in the November 9, 2020 ENE and CMC.

Specifically, the Court grants Defendants' request to continue the November 9, 2020, given Defendants' representative's unavailability to participate in settlement discussions on November 9, 2020, but denies Defendants' request to reschedule the ENE and CMC for November 10, 2020. Instead, the Court ORDERS counsel for the Parties to jointly contact this Court's chambers, **no later than Friday, November 6, 2020**, via electronic mail at efile_gallo@casd.uscourts.gov and set forth all dates in November and December 2020 in which the Parties, their counsel, and any insurance adjusters are all available to participate by Zoom video conference in the ENE and CMC. Thereafter, the Court will issue an order setting a new ENE and CMC date.

Finally, the Court directs the Parties to fully comply with all applicable rules in the course of this litigation, including, but not limited to, this Court's Chambers Rules. This Court's Civil Chambers Rule VI expressly provides "appropriate ex parte applications may be made any time after first contacting Judge Gallo's Research Attorney assigned to the case." At no time did this Court's Chambers receive any advance notice regarding

Defendants' intent to file the instant Ex Parte Application. Further, although Civil Chambers Rule VI required Defendants to contact this Court's Chambers, Defendants also did not contact the Chambers of District Judge Sabraw prior to making this filing. Thus, Defendants failed to provide the requisite advance notice to the Court. While refraining from denying Defendants' Ex Parte Application for non-compliance in this instance, the Court cautions Defendants that such leniency in further proceedings may not be extended.

**IT IS SO ORDERED.**

Dated: November 2, 2020

Hon. William V. Gallo
United States Magistrate Judge