UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY SHAUGHNESSY, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP,<br><br>                                    Defendants. | Case No.:  20-cv-1809-DMS-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING DEFENDANTS LEAVE TO AMEND** |

Pending before the Court is Plaintiff Grady Shaughnessy's motion to strike portions of Defendants LVNV Funding, LLC, and Resurgent Capital Services, LP's ("Defendants") Answers to the Complaint.  Defendants filed an opposition, in which they counter-moved for leave to amend, and Plaintiff filed a reply.  For the following reasons, the Court grants Defendants leave to amend and denies Plaintiff's motion to strike as moot.

**I.**

**BACKGROUND**

On August 11, 2020, Plaintiff filed a putative class action complaint in California Superior Court, alleging violation of the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.25(a).  (Compl., Ex. A to ECF No. 1.)  On September 14, 2020,

1  Defendants removed the action to this Court.  (ECF No. 1.)  On September 21, 2020,

2  Defendants each filed an Answer to the Complaint, (ECF Nos. 5, 7.)  Both Answers assert

3  the following affirmative defenses: (1) Cal. Civ. Code § 1785.25(g), (2) failure to exhaust

4  administrative remedies, (3) statute of limitations, (4) contributory negligence, (5) failure

5  to mitigate, (6) estoppel, (7) laches, (8) unclean hands, (9) waiver, (10) good faith, (11)

6  failure to state a claim, (12) conduct of third parties, and (13) reservation of the right to

7  assert additional affirmative defenses.  (ECF Nos. 5, 7.)  Plaintiff filed the present motion

8  on October 13, 2020.  (ECF No. 11.)

## II.

## DISCUSSION

11  Plaintiff moves to strike portions of Defendants' Answers, arguing certain defenses

12  are not affirmative defenses, and others fail to give fair notice of the nature of the defense.

13  *See* Fed. R. Civ. P. 12(f).

14  Generally, motions to strike are  disfavored  because  pleadings  are  of  limited

15  importance in federal practice and such motions are usually used as a delaying tactic.  *RDF*

16  *Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).  Motions

17  to strike are also disfavored because of the "strong policy favoring resolution on the

18  merits." *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F. Supp. 2d

19  1167, 1170 (N.D. Cal. 2010).  Moreover, even when a motion to strike is granted, courts

20  typically grant leave to amend stricken pleadings unless it would prejudice the opposing

21  party. *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013).

22  Defendants contend their defenses raise disputed questions of fact and law and thus

23  should  not  be  stricken.   Defendants  further  request  leave  to  amend  the  Answers.

24  Defendants state they intended to file Amended Answers pursuant to Federal Rule of Civil

25  Procedure 15(a)(1), but failed to do so within the 21-day time period.  *See* Fed. R. Civ. P.

26  15(a)(1).   In opposition to Defendants' request for leave to amend, Plaintiff argues

27  Defendants did not comply with the Civil Local Rules governing motions, including

28  motions to amend.  *See* CivLR 7.1.b (requiring party to obtain hearing date for motion);

1   CivLR 15.1 (requiring motion to amend to include copy of proposed amended pleading
2   and version that shows how the proposed amended pleading differs from operative
3   pleading).    Defendants filed Amended Answers at the same time as they filed their
4   opposition to Plaintiff's motion, despite being outside of the 21-day window to amend
5   (ECF Nos. 14, 15),  and counter-moved to amend in response to Plaintiff's motion, rather
6   than filing a separate motion  (ECF No. 16).  The Court notes Plaintiff's argument but
7   declines to deny Defendants' counter-motion on this basis.  However, the parties are
8   directed to comply with the Local Rules moving forward in this case.

9       The Court finds the present issues are best resolved by granting Defendants leave to
10   amend.  Even if a party does not amend its pleading within the 21-day time period
11   prescribed by Rule 15(a)(1), the court "should freely give leave" to amend "when justice
12   so requires."  Fed. R. Civ. P. 15(a)(2).  In accordance with this Rule, the Supreme Court
13   has stated,

14
15          in the absence of any apparent or declared reason—such as undue delay, bad
            faith or dilatory motive on the part of the movant, repeated failure to cure
16          deficiencies by amendments previously allowed, undue prejudice to the
            opposing party by virtue of allowance of the amendment, futility of
17          amendment, etc.—the leave sought should, as the rules require, be "freely
            given."
18

19   *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated
20   "it is the consideration of prejudice to the opposing party that carries the greatest weight."
21   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).   Absent
22   prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a
23   presumption under Rule 15(a) in favor of granting leave to amend.  *Id.*

24       Here, granting Defendants leave to amend will give Defendants the opportunity to
25   cure the purported defects alleged in Plaintiff's motion to strike.  Moreover, Plaintiff does
26   not assert that granting leave to amend would result in prejudice.  Although granting leave
27   to amend will render Plaintiff's pending motion to strike moot, Plaintiff may renew the
28   motion if he chooses to do so. Thus, Plaintiff has not shown he would be prejudiced by

Defendants' proposed amendments.  Indeed, even if the Court were to grant Plaintiff's motion to strike, leave to amend would likely be given.  *See Kohler*, 291 F.R.D. at 467 (stating even when motion to strike is granted, courts typically grant leave to amend unless it would prejudice opposing party).  Accordingly, in the interests of justice, the Court grants Defendants' request for leave to amend their Answers and denies Plaintiff's motion to strike as moot.

### III.

### CONCLUSION AND ORDER

For the reasons set out above, the Court grants Defendants leave to file Amended Answers within **fourteen (14) days** of this Order and directs Defendants to withdraw the previously filed "Amended Answers" (ECF Nos. 14, 15).  In light of this ruling, Plaintiff's motion to strike is denied as moot.  Plaintiff may renew his motion to strike once Defendants file Amended Answers, or if Defendants do not file Amended Answers within the ordered timeframe.

**IT IS SO ORDERED.**

Dated:  December 23, 2020

Hon. Dana M. Sabraw
United States District Judge

4