1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   GRADY SHAUGHNESSY,                    Case No.:  20-CV-1809-DMS-WVG
12                        Plaintiff,        **ORDER ON DISCOVERY DISPUTE**
13   v.
14   LVNV FUNDING, LLC; RESURGENT
     CAPITAL SERVICES, L.P.,
15
16                        Defendants.
17

18        Pending before this Court are the Parties' briefs on the most recent discovery dispute
19   in this matter. (Doc. Nos. 37, 39.)  In short, LVNV Funding, LLC ("LVNV") and Resurgent
20   Capital Services, L.P. (collectively, "Defendants") seek to depose Scott Grace ("Mr.
21   Grace"), one of three attorneys presently representing Grady Shaughnessy ("Mr.
22   Shaughnessy" or "Plaintiff") and who previously represented Mr. Shaughnessy in a prior
23   related state court action. Mr. Shaughnessy objects to Defendants taking Mr. Grace's
24   deposition on relevance and privilege grounds. The Court has reviewed Defendants and
25   Mr. Shaughnessy's ("Parties") respective briefs, counsels' declarations, and all
26   accompanying exhibits, as well as Defendants' in camera brief, which was lodged directly
27   with Chambers. Having done so, the Court addresses the Parties' positions, ORDERS as
28   follows, and explains below.

## I.    BACKGROUND

Defendants removed this action on September 14, 2020. (Doc. No. 1.) It was not their first time in an adversarial position against Plaintiff.  Prior to such time, the Parties were embroiled in a state court action ("prior action"). In the prior action, LVNV sued Mr. Shaughnessy to collect on a debt Mr. Shaughnessy owed LVNV. As noted, Mr. Grace represented Mr. Shaughnessy in the prior action. The prior action resulted in a settlement between LVNV and Mr. Shaughnessy. In relevant part, Mr. Grace and a certain law firm, The Mandarich Law Group ("MLG"), were involved in bringing the matter to resolution, structuring the settlement agreement, and participating in the resulting settlement proceedings. Following settlement, the prior action was eventually dismissed. This action followed. As aforementioned, Mr. Shaughnessy retained Mr. Grace's services, in addition to the services of two other attorneys, for purposes of this litigation.

In the instant action, Mr. Shaughnessy alleges Defendants failed to update crediting agencies that Mr. Shaughnessy had paid off his debt following the prior action's dismissal. Mr. Shaughnessy brings suit under California Civil Code section 1785.25, also known as the California Consumer Credit Reporting Agencies Act. With fact discovery underway, Defendants now seek to depose Mr. Grace regarding his involvement in the settlement proceedings in the prior action. Defendants specifically seek Mr. Grace's testimony regarding (1) who the parties to the settlement agreement from the prior action were; (2) the date on which the settlement agreement was reached; and, more broadly, (3) "information related to Plaintiff's State Court Matter settlement" and other "non-privileged information related to the claims and defenses set forth in the operative pleadings." (Doc. No. 37, 2:3-10; 5: 17-20.)

Defendants contend they tried to obtain the first two categories of information through Plaintiff's deposition, but the deposition yielded non-responses from Plaintiff. (*Id*., 3:4-8.) Regarding the third category of information, Defendants pose that Mr. Grace "likely has even more complete knowledge of the circumstances surrounding settlement than Mr. Shaughnessy himself." (*Id*., 6:24-7:4.) Therefore, Defendants conclude, deposing Mr.

Grace is an appropriate means of obtaining foundational information regarding the prior action's settlement proceedings because "Mr. Shaughnessy has put the facts surrounding the settlement at issue as the very basis of his claim here rests on a failure to properly report his settlement." (*Id.*, 7:7-11.)

Plaintiff objects to Mr. Grace's deposition on relevance and privilege grounds. In particular, Plaintiff argues Defendants have not met their burden under the applicable three-pronged test to determine the propriety of attorney depositions. Specifically, Plaintiff poses that Defendants are already in possession of the settlement agreement from the prior action, which readily addresses Defendants' inquiries concerning signatories and the date on which the settlement agreement was reached. (Doc. No. 39, 3:14-19.) As to the broader information Defendants seek, Plaintiff contends Defendants have not sufficiently shown whether (1) Defendants have exhausted other practicable means to obtain the information they seek from Mr. Grace; and (2) the information sought is crucial to the preparation of the case. (*Id.*, 3:22-4:3.) Further, Plaintiff asserts his objection to any potential inquiries Defendants may pose to Mr. Grace that infringe upon the attorney-client and work-product privileges. (*Id.*, 4:14-17; 5:11-14.)

Of note in Plaintiff's brief is that, "it remains a possibility that The Mandarich Law Group might still possess 'critical' information that Plaintiff is unable to obtain absent a deposition." (*Id.*, 8:1-3.) As acknowledged throughout both Parties' briefs, MLG served as counsel of record in the prior action. (*Id.*, 8:1-3; Doc. No. 37, 3:15-17.) Plaintiff's brief signals Plaintiff's belief that MLG does in fact possess information that is "relevant to the claims asserted by Plaintiff." (*Id.*, 8:1-9.) To that end, Plaintiff represents he is in the process of obtaining discovery on such matters implicating MLG's dealings in the prior action, although he has not yet "exhausted other traditional discovery" to warrant subpoenaing MLG for deposition. (*Id.*) In doing so, Plaintiff does not address what bearing discovery from MLG may have upon Defendants' request to depose Mr. Grace.

/ / /

/ / /

## II.   LEGAL STANDARD

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence ("Federal Rules") prohibit taking the deposition of an opposing party's attorney. *Townsend v. Imperial County*, 2014 WL 2090689, at \*1 (S.D. Cal. May 19, 2014) (citing *Shelton v. America Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990)). In line with the Federal Rules, Defendants correctly observe Rule 30(a) of the Federal Rules of Civil Procedure permits a party to depose "any person" and does not include a party's counsel within its enumerated exceptions. *Id.* (citing *NFA Corp. v. Riverview Narrow Fabric, Inc.*, 117 F.R.D. 83, 84 (D.N.C. 1987). Concurrently, however, a party's ability to take the deposition of an opponent's counsel is not boundless.

Courts may order counsel to appear for deposition "only in limited situations where the party seeking the deposition can show: (1) no other means exist to obtain the information than to depose opposing counsel, *see, e.g., Fireman's Fund Insurance Co. v. Superior Court*, 72 Cal.App.3d 786 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nocal, Inc. v. Sabercat Ventures, Inc.*, 2004 WL 3174427, at \*2 (N.D. Cal. Nov. 15, 2004); *Massachusetts Mut. Life Ins. Co. v. Cert*, 177 F.R.D. 472 (N.D. Cal. 1998) (citing *Shelton*, 805 F.2d at 1327–28)).

This three-pronged framework originates from the Eighth Circuit's *Shelton* case (*see generally Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986)) which district courts within the Ninth Circuit have applied in the absence of published decisions from the Ninth Circuit on the matter. *Silver v. BA Sports Nutrition, LLC*, 2020 WL 6342939, at \*2 (N.D. Cal. Oct. 29, 2020) (applying *Shelton* to subpoenas defendant directed to plaintiffs' counsel); *Monster Energy Co. v. Vital Pharm., Inc.*, 2020 WL 2405295, at \*8–9 (C.D. Cal. Mar. 10, 2020) (applying *Shelton* to subpoenas directed at plaintiff's former counsel and law firm); *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 WL 4171136, at \*1 (N.D. Cal. Nov. 26, 2007) (applying *Shelton* to subpoenas directed at

plaintiff's counsel); *Nocal Inc.*, 2004 WL 3174427, at \*2-4 (N.D. Cal. Nov. 15, 2004) (applying *Shelton* to subpoenas plaintiff directed to defense counsel); *see also Fausto v. Credigy Servs. Corp.*, 2008 WL 4793467, at \*1 (N.D. Cal. Nov. 3, 2008) (citing *Wall v. Leavitt*, 2007 WL 4219162, at \*2 (E.D. Cal. Nov. 29, 2007) ("While there is no published Ninth Circuit case adopting the test from *Shelton*, district courts within this circuit have used it when analyzing whether to permit the deposition of counsel")).

The initial burden of proof under the applicable three-pronged test rests with the party seeking to take the attorney's deposition. *Townsend*, 2014 WL 2090689, at \*2 (citing *Shelton*, 805 F.2d at 1327.) Case law makes clear that, short of demonstrating "the propriety and the need for the deposition," counsel may not be deposed. *Townsend*, 2014 WL 2090689, at \*1 (S.D. Cal. May 19, 2014) (citing *Shelton*, 805 F.2d at 1327; *Harriston v. Chicago Tribune Company*, 134 F.R.D. 232, 233 (N.D. Ill. 1990); *Hay and Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990); *West Peninsular Title Company v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990); *Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 201 (E.D. Wis. 1989); *NFA Corp.*, 117 F.R.D. at 85).

### III.   DISCUSSION

The Court turns to *Shelton's* three-pronged test to assess Defendants' request to take Mr. Grace's deposition and examines each prong in turn.

#### a. Prong One: Whether Alternative Means Exist for Defendants to Obtain the Information from Mr. Grace Short of Deposition

The Court finds it necessary to bifurcate its analysis here based upon the three categories of information Defendants seek to obtain through Mr. Grace's deposition, namely: (1) who the parties to the settlement agreement from the prior action were; (2) the date on which the settlement agreement was reached; and, more broadly, (3) "information related to Plaintiff's State Court Matter settlement" and other "non-privileged information related to the claims and defenses set forth in the operative pleadings." (Doc. No. 37, 2:3-10; 5: 17-20.) The Court analyzes the first two categories of information jointly and then

1   separately addresses the third and final category of information.

2          As to the first two categories of information, the Court DENIES Defendants' request

3   to take Mr. Grace's deposition regarding these two lines of inquiry based upon Defendants'

4   failure to satisfy the first prong under *Shelton*. As a threshold matter, Defendants' brief did

5   not disclose Defendants' possession of the settlement agreement of the prior action, which

6   Defendants marked as Exhibit 6 to Plaintiff's Deposition and which Plaintiff submitted as

7   Exhibit A in support of his responsive brief here. (Doc. No. 39, 3:14-19; 39-2, Exhibit

8   ("Exh.") A.) Defendants also omitted disclosing in their brief their possession of emails

9   exchanged between counsel for LVNV and Mr. Shaughnessy confirming settlement of the

10  prior action, which Defendants marked as Exhibit 2 to Plaintiff's Deposition and which

11  Plaintiff submitted as Exhibit B in support of his responsive brief here. (Doc. No. 39, 3:19-

12  22; 39-3, Exh. B.) The settlement agreement and emails between counsel for LVNV and

13  Mr. Shaughnessy fully inform the Court's conclusion that Defendants have, and have had,

14  the means to determine who signed the settlement agreement of the prior action and when.

15         In studying the settlement agreement of the prior action, the Court notes the

16  signatories and settlement date Defendants seek to obtain is readily available through the

17  agreement alone, even though not everyone affixed their signatures to that version of the

18  document. (Doc No. 39-2.) Even so, Defendants have had at their disposal the alternative

19  means of obtaining what they seek through the emails exchanged between counsel for

20  LVNV and Mr. Shaughnessy. For this reason, the Court DENIES Defendants' request to

21  subject Mr. Grace to a deposition for the purpose of identifying simply when and who

22  signed the settlement agreement to the prior action.

23         Further, although Defendants did not expressly request to depose Mr. Grace on other

24  matters which Plaintiff could not recall or chose not to answer in deposition, the Court

25  DENIES Defendants such opportunity here. Defendants were given full reign to set forth

26  *all* specific categories of information they seek to obtain through Mr. Grace's deposition,

27  inclusive of any and all subject matter Plaintiff did not or could not provide in his own

28  deposition. Because Defendants have not articulated further requests for information in the

context of Plaintiff's deposition, the Court finds no basis to widen the scope of Defendants' discovery beyond what Defendants articulated in their own brief.

As to Defendants' broader request for information regarding "information related to Plaintiff's State Court Matter settlement," the Court finds Defendants have satisfied the first prong of the *Shelton* test. (Doc. No. 37, 2:3-10; 5: 17-20.) Thus far, Defendants have taken Mr. Shaughnessy's deposition and are in possession of the settlement agreement of the prior action as well as emails previously exchanged between counsel for LVNV and Mr. Shaughnessy. Taken together, however, these sources of information demonstrate there are certain knowledge gaps which Mr. Grace appears best suited to bridge. The Court agrees with Defendants that Mr. Grace "likely has even more complete knowledge of the circumstances surrounding settlement than Mr. Shaughnessy himself," as evidenced by Mr. Shaughnessy's inability to recall basic information regarding the prior action's settlement coupled with Mr. Grace's direct involvement in negotiating, reaching, and finalizing the prior action's settlement. (*Id.*, 6:24-7:4.)

### b. Prong Two: Whether Defendants Seek to Obtain Relevant and Non-Privileged Information from Mr. Grace

With the first two categories of information already dispensed with, the Court devotes the remainder of its analysis to the broader third category of information Defendants seek from Mr. Grace regarding "information related to Plaintiff's State Court Matter settlement." (Doc. No. 37, 2:3-10; 5: 17-20.) As noted, Plaintiff objects to the request, arguing "Defendants have failed to meet either of the first two prongs of the three-prong test to establish the propriety of commending the deposition of Plaintiff's counsel." (Doc. No. 329, 4:4-7.) Plaintiff also speculates Defendants' intended inquiries to Mr. Grace are likely to infringe upon the attorney-client and work-product privileges given the broadness of Defendants' request for information regarding the prior action's settlement. (*Id.*, 4:14-17; 5:7-14.) The Court disagrees with Plaintiff as to the lack of relevance. Further, the Court is not persuaded that Defendants' potential inquiry into matters implicating the attorney-client or work-product privileges should preclude Mr. Grace's

1    deposition from taking place altogether.

2          As a foundational matter, Defendants' request to obtain information from Mr. Grace

3    during deposition regarding settlement of the prior action is relevant. Mr. Shaughnessy's

4    allegations against Defendants inherently invite Defendants to inquire about the

5    circumstances surrounding the settlement of the prior action because "Mr. Shaughnessy

6    has put the facts surrounding the settlement at issue as the very basis for his claim here

7    rests on a failure to properly report his settlement." (Doc. No. 37, 7:7-11.) For this very

8    reason, the Court finds Defendants have satisfied the second prong of the *Shelton* test and

9    sufficiently established the relevance of the information they seek from Mr. Grace.

10         Further, while broadly articulated, Defendants' request for information is limited by

11   defense counsel's assertion that he will "(1) not ask[] Mr. Grace what he said to his client

12   or his client said to him; and (2) not inquir[e] into [Mr. Grace's] or his client's thoughts or

13   impressions of the case." (Doc. No. 37, 7:17-21.) The Court has been provided no reason

14   to doubt that defense counsel will make a good faith effort to avoid probing into privileged

15   matters throughout Mr. Grace's deposition. Further, even if defense counsel inadvertently

16   poses a question in deposition to Mr. Grace that implicates either the attorney-client

17   privilege or the work-product doctrine, nothing bars Plaintiff's counsel from asserting

18   proper objections to such inquiries. It would be inconceivable to halt depositions from

19   proceeding altogether simply because an opposing counsel may pose a question that invites

20   an objection based on privilege. Certainly, the Court will not do so here.

21                  **c. Prong Three: Whether the Information Defendants Seek to Obtain**
22                  **from Mr. Grace Is Crucial to the Preparation of the Case**

23         The Court also finds that Defendants have satisfied the third prong under *Shelton*.

24   Because Mr. Shaughnessy himself has put at issue "the facts surrounding the settlement"

25   of the prior action, and such issue forms "the very basis for his claim here," Defendants

26   demonstrate that Mr. Grace's knowledge of non-privileged matters implicating the prior

27   action's settlement is crucial to Defendants' preparation and defense of the instant

28   litigation. (Doc. No. 37, 7:7-11.) Further, Plaintiff has asserted he may require MLG to

submit to a deposition to obtain additional relevant information. (Doc. No. 39, 7:15-20.) Although Plaintiff has not yet made that decision, should MLG sit for a deposition, it may become crucial for Defendants to have the opportunity to depose Mr. Grace, not only to place MLG's testimony into proper context and to probe veracity, but also a matter simply of fairness and equity. At all times, fact witness' credibility and their contributions to the evidentiary record are crucial to a party's preparation of the case, including Defendants' preparation here. For this reason, the Court GRANTS Defendants the opportunity to take Mr. Grace's deposition regarding MLG's involvement in the settlement proceedings in the prior action if and only if Plaintiff takes MLG's deposition.

### d. Defendants' Proposed Stipulation to Prohibit Plaintiff's Treatment of Mr. Grace as a Fact Witness and Defendants from Deposing Mr. Grace

Plaintiff criticizes and ascribes "potentially surreptitious intentions" with Defendants' proposed stipulation that it would forebear from taking Mr. Grace's deposition provided Plaintiff agreed not to used Mr. Grace as a fact witness. (Doc. No. 39, 6:17-23.) In doing so, however, Plaintiff fails to acknowledge that the instant dispute, and resulting motion practice, would be obviated if the Parties entered into such a stipulation – assuming, of course, that Plaintiff truly does not intend to treat Mr. Grace as a fact witness for purposes of this litigation. But Plaintiff has not yet been willing to reveal whether Mr. Grace will be used either because he does not now know or simply because it is not strategically sound to reveal his intention at this point.

Plaintiff's reticence to enter into the stipulation, for whatever reason, however, requires the Court then to view his objection to Mr. Grace's deposition in a light favorable to allowing it.  While the Court is not concerned with particular litigation strategies either party employs, so long as they are within the bounds of the law, the Court is concerned that Plaintiff's ongoing unwillingness to indicate whether he intends to use Mr. Grace as a fact witness may prejudice Defendants if, at the proverbial eleventh hour, Plaintiff incorporates Mr. Grace's testimony into a dispositive motion or at trial. In such an instance, Defendants

would be subject to the unfair surprise of a new fact witness' testimony without sufficient time or opportunity to take the deposition of and/or written discovery from the fact witness.

 As a routine matter, district courts enjoy "wide discretion in controlling discovery," particularly where the Court assesses "the potential for unfair surprise to the opposing party." *Ollier v. Sweetwater Union High Sch. Dist.*, 2014 WL 4654472, *12 (9th Cir. Sept. 19, 2014); *see also Holak v. K Mart Corp.*, 2014 WL 4930762, at *5 (E.D. Cal. Sept. 30, 2014). "The late disclosure of witnesses throws a wrench into [Rule 26(a)'s] machinery. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn ... impairs the ability of every trial court to manage its docket." *Ollier*, 2014 WL 4654472, at *12. Accordingly, courts may exclude fact witness' testimony if it presents an unfair surprise to an opposing party and/or a disruption to the court's schedule. *Stone Brewing Co., LLC v. Millercoors LLC*, 2021 WL 63139, at *6 (S.D. Cal. Jan. 7, 2021) (citing *Kilroy v. L.A. Unified School Dist. Board of Education*, 2017 WL 10544624, at *1 (C.D. Cal. Oct. 5, 2017) (quoting *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (the purpose of [Federal Rule of Civil Procedure] 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise"); *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821–22 (9th Cir. 2019) (late disclosure was not harmless because it disrupted both defendant's and the court's schedules); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (affirming preclusion of evidence of damages disclosed on the eve of trial, where late disclosure would likely require court to create a new briefing schedule and re-open discovery).

 Given Plaintiff's reluctance to commit that he will or will not use Mr. Grace as a fact witness, the Court will make a decision that affords fairness to both Parties. Regardless of how Plaintiff chooses to treat Mr. Grace, either as an attorney exclusively or as another fact witness, Plaintiff must decide by the time frame set below. The Court appreciates there may be a real risk of Defendants being precluded from obtaining Mr. Grace's testimony on

matters underlying the prior action if Plaintiff was to announce on the eve of fact discovery's closure, for instance, that Plaintiff obtained a declaration, affidavit, or other such testimony from Mr. Grace to be used in Plaintiff's summary judgment motion or at trial.

To avoid such unfair surprise, the Court resolves the instant issue of whether Defendants may depose Mr. Grace regarding the settlement proceedings of the prior action and answers in the affirmative under the following conditions. **No later than forty-five (45) days before the close of fact discovery**, Plaintiff shall decide whether or not he will use Mr. Grace as a fact witness for purposes of this litigation and notify Defendants in writing of Plaintiff's decision within such time. If Plaintiff decides to use Mr. Grace as a fact witness in this case, then Defendants shall have the right to take Mr. Grace's deposition and Mr. Grace shall make himself available for deposition before the close of fact discovery. Conversely, if Plaintiff decides to not use Mr. Grace as a fact witness in this case, then Plaintiff and Defendants shall enter into a stipulation confirming that Plaintiff will not use Mr. Grace as a fact witness in this case at any time and, consequently, Defendants will not have the right to depose Mr. Grace regarding his involvement in the prior action to any extent (except as described above if, in the event, Plaintiff chooses to depose MLG). Should Plaintiff fail to inform Defendant of his decision to use Mr. Grace as a fact witness in the timeframe set by this Order, then by the discretion this Court possesses to regulate discovery, Plaintiff will be prohibited from doing so in any manner.

## IV.   CONCLUSION

For the foregoing reasons, the Court (1) DENIES Defendants' request to take the deposition of Mr. Grace regarding who signed the settlement agreement of the prior action; (2) DENIES Defendants' request to take the deposition of Mr. Grace regarding when the settlement agreement of the prior action was reached; (3) GRANTS Defendants the opportunity to take Mr. Grace's deposition regarding any matters implicating MLG if and only if Plaintiff takes the deposition of MLG; and (4) GRANTS Defendants' request to take Mr. Grace's deposition regarding his involvement in the settlement proceedings of the

prior state court action if and only if Plaintiff decides to use Mr. Grace as a fact witness in this case and provides notice of such decision to Defendants at least 45 days in advance of the close of fact discovery.

    **IT IS SO ORDERED.**

Dated: April 2, 2021

                     Hon. William V. Gallo
                     United States Magistrate Judge